IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE GONZALEZ : CIVIL ACTION
:
v. :
:
PHILADELPHIA COUNTY COURT OF :
COMMON PLEAS, et al. : NO. 12-0464

**M E M O R A N D U M**

MCLAUGHLIN, J. MAY 7 , 2012

Plaintiff, an inmate, has filed a pro se civil rights action, in which he is appears to be alleging that he is being held beyond the termination date of his sentence because the defendants have failed to properly calculate the length of his sentence. For the following reasons, all of plaintiff's claims, except the claims against Cheryl Gill, Records Supervisor at SCI Albion and Michael W. Harlow, Superintendent of SCI Albion, will be dismissed pursuant to 28 U.S.C. § 1915(e).

The Eleventh Amendment to the United States Constitution prohibits actions for damages against a state in federal court unless the state has waived its immunity. U.S. Const. amend. XI; Edelman v. Jordan, 415 U.S. 651 (1974). Moreover, the United States Supreme Court has held that a "[a] state is not a person within the meaning of § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 (1989) There is no waiver of state immunity applicable to this case. Therefore, plaintiff's claims against the Pa. Department of Corrections and the Pennsylvania Board of Probation and Parole which are state agencies will be dismissed.

The Philadelphia County Court of Common Pleas is also a

state entity entitled to Eleventh Amendment immunity. See <u>Benn v. First Judicial Dist. Of Pa.</u>, 426 F.3d 233 (3d Cir. 2005). Therefore, the claims against this defendant will also be dismissed.

Plaintiff's claims against the Erie County Regional Contract Jail Albion are dismissed because a prison is not a "person" subject to suit under the civil rights laws. <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271 (E.D. Pa. 1976); see also <u>Brooks v. Pembroke City Jail</u>, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989).

Finally, plaintiff's request for discharge from detention will be denied because, as plaintiff has previously been informed, such a request may only be brought in a petition for a writ of habeas corpus, not a § 1983 action. <u>Preiser v. Rodriguez</u>, 411 U.S. 475 (1973).