IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE GONZALEZ, | ) | |
|     Plaintiff, | ) | Civil Action No. 12-189 Erie |
| | ) | |
| v. | ) | District Judge McLaughlin |
| | ) | |
| PHILADELPHIA COURT OF | ) | |
| COMMON PLEAS, et al, | ) | Magistrate Judge Baxter |
|     Defendants. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion to dismiss filed by Defendants [ECF No. 17] be granted. The Clerk of Courts should be directed to close this case.

**II.    REPORT**

    **A.  Relevant Procedural History**

Plaintiff, a state inmate acting *pro se*, filed this civil rights action under 42 U.S.C. § 1983. In the Second Amended Complaint, Plaintiff named the following as Defendants: Pennsylvania Department of Corrections, the Pennsylvania Board of Probation and Parole, the Philadelphia Court of Common Pleas, the Erie County Regional Contract Jail at Albion, Albion Superintendent Michael Harlow and Albion Records Supervisor Cheryl Gill.

Plaintiff's handwriting is, at times, difficult to decipher, but this Court believes that Plaintiff is alleging that his criminal sentence has been improperly calculated and that he is being detained in state custody beyond his maximum sentence. Plaintiff complains that the criminal sentences imposed by the Philadelphia Court of Common Pleas terminated on April 4, 1997, but

1

he was "seized" and detained by the Department of Corrections at SCI Camp Hill from July 18, 1997 through August 22, 2001, and was again illegally detained and held at SCI Albion from March 11, 2011 through the present after the Pennsylvania Board of Probation and Parole unlawfully seized him.

As relief in the Second Amended Complaint, Plaintiff seeks the following:

> Discharge from detention beyond termination of sentence effective date 5-4-1997 under Pa. statutory sentencing Pa. Code section 303 and 9760 and grant compensation in amount of $189,600 against each Defendant at $100.00 per day for 1896 days of false imprisonment to total $948,000.00 minimally, and/or higher amount deemed appropriate by the Court as law and justice may require to remedy detention arising from malicious prosecution by Board of Probation and Parole absent cause and jurisdiction, upon judgment which lacks finality, violative of Plaintiff's civil rights as stated in the 5th, 8th, 14th and 4th Amendments of the United States Constitution's Bill of Rights upon their seizure within the meaning of the 4th Amendments May 4, 1997 with release therefrom August 27, 2001 and require against March 31, 2011 continuing to present a clear miscarriage of justice upon deliberate indifference to Plaintiff's liberty interest granted by the sentence court judgment of sentence order 5-4-97 under statutory 12420 and U.S.C.A. 14 substantial procedural due process as gross negligence upon failure to properly computate sentence …

ECF No. 6, pages 5-6.

This case was originally filed in the United States District Court for the Eastern District of Pennsylvania, but was eventually transferred to this Court. The Eastern District dismissed all of Plaintiff's claims except those civil rights claims against Defendants Gill and Harlow and dismissed Plaintiff's request for release from incarceration.[1]

Defendants Gill and Harlow have filed a motion to dismiss. ECF No. 17. In response, Plaintiff filed "Third Amended Complaint to Oppose Gill and Harlow's Motion to Dismiss." ECF No. 22. These issues are ripe for disposition by this Court.

---

[1] Judge Mary McLaughlin of the Eastern District explained: "Plaintiff's request for discharge from detention will be denied because, as Plaintiff has previously been informed, such a request may only be brought in a petition for a writ of habeas corpus, not a § 1983 action. Preiser v. Rodriguez, 411 U.S. 475 (1973)." ECF No. 7, page 2.

2

### B. Standards of Review

#### 1. *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-521 (1972). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Dep't of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court may consider facts and make inferences where it is appropriate.

#### 2. Motion to dismiss pursuant to Rule 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). A complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim

to relief that is plausible on its face." Twombly, 550 U.S. at 570 (rejecting the traditional 12(b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). See also Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937 (2009) (specifically applying Twombly analysis beyond the context of the Sherman Act).

A Court need not accept inferences drawn by a plaintiff if they are unsupported by the facts as set forth in the complaint. See California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Nor must the Court accept legal conclusions set forth as factual allegations. Twombly, 550 U.S. at 555, citing Papasan v. Allain, 478 U.S. 265, 286 (1986). See also McTernan v. City of York, Pennsylvania, 577 F.3d 521, 531 (3d Cir. 2009) quoting Iqbal, ___ U.S. at ___, 129 S.Ct. at 1949 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). A plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 556, citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." Id. at 570.

In other words, at the motion to dismiss stage, a plaintiff is "required to make a 'showing' rather than a blanket assertion of an entitlement to relief." Smith v. Sullivan, 2008 WL 482469, at *1 (D. Del.) quoting Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." Phillips, 515 F.3d at 234, quoting Twombly, 550 U.S. at 556 n.3.

Recently, the Third Circuit expounded on the Twombly/Iqbal line of cases:

> To determine the sufficiency of a complaint under Twombly and Iqbal, we must take the following three steps:
>
>> First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'

Burtch v. Milberg Factors, Inc., 662 F.3d 212, 221 (3d Cir. 2011) quoting Santiago v. Warminster Twp., 629 F.3d 121, 130 (3d Cir. 2010).

### C. The Prison Litigation Reform Act

#### 1) The Exhaustion Requirement[2]

The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), provides that:

> no action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prisons, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The requirement that an inmate exhaust administrative remedies applies to all inmate suits regarding prison life, including those that involve general circumstances as well as particular episodes. Porter v. Nussle, 534 U.S. 516 (2002); Cutter v. Wilkinson, 544 U.S. 709, 723 n.12 (2005) (noting that the PLRA requires that "a prisoner may not sue under RLUIPA without first exhausting all available administrative remedies."); Concepcion v. Morton, 306

---

[2] In a petition for writ of habeas corpus, a state prisoner must provide the state courts with the first opportunity to consider any claim that he has raised. 28 U.S.C. § 2254(b)(1)(A). This so-called exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991). See also O'Sullivan v. Boerckel, 526 U.S. 838, 842-49 (1999). The exhaustion requirement governing writs of habeas corpus is separate and distinct from the exhaustion requirement of the Prison Litigation Reform Act.

F.3d 1347 (3d Cir. 2002) (for history of exhaustion requirement). Administrative exhaustion must be completed prior to the filing of an action. McCarthy v. Madigan, 503 U.S. 140, 144 (1992). Federal courts are barred from hearing a claim if a plaintiff has failed to exhaust all the available remedies. Grimsley v. Rodriquez, 113 F.3d 1246 (Table), 1997 WL 2356136 (Unpublished Opinion) (10th Cir. May 8, 1997).[3] The exhaustion requirement is not a technicality, rather it is federal law which federal district courts are required to follow. Nyhuis v. Reno, 204 F.3d 65, 73 (3d Cir. 2000) (by using language "no action shall be brought," Congress has "clearly required exhaustion").[4]

The PLRA also requires "proper exhaustion" meaning that a prisoner must complete the administrative review process in accordance with the applicable procedural rules of that grievance system. Woodford v. Ngo, 548 U.S. 81, 87-91 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ..."). Importantly, the exhaustion requirement may not be satisfied "by filing an untimely or otherwise procedurally defective ... appeal." Id. at 83; see also Spruill v. Gillis, 372 F.3d 218, 228-29 (3d Cir. 2004) (utilizing a procedural default analysis to reach the same conclusion) ("Based on our earlier discussion of the PLRA's legislative history, [...] Congress seems to have had three interrelated objectives relevant to our inquiry here: (1) to return control of the inmate grievance process to

---

[3] Importantly, a plaintiff's failure to exhaust his administrative remedies does not deprive the district court of subject matter jurisdiction. Nyhuis v. Reno, 204 F.3d 65, 69 n.4 (3d Cir. 2000) ("...[W]e agree with the clear majority of courts that §1997e(a) is *not* a jurisdictional requirement, such that failure to comply with the section would deprive federal courts of subject matter jurisdiction.").

[4] There is no "futility" exception to the administrative exhaustion requirement. Banks v. Roberts, 2007 WL 3096585, at * 1 (3d Cir.) citing Nyhuis, 204 F.3d at 71 ("[Plaintiff's] argument fails under this Court's bright line rule that 'completely precludes a futility exception to the PLRA's mandatory exhaustion requirement.'"). See also Woodford v. Ngo, 548 U.S. 81, 85 (2006) ("Indeed, as we held in *Booth*, a prisoner must now exhaust administrative remedies even where the relief sought-monetary damages-cannot be granted by the administrative process.").

6

prison administrators; (2) to encourage development of an administrative record, and perhaps settlements, within the inmate grievance process; and (3) to reduce the burden on the federal courts by erecting barriers to frivolous prisoner lawsuits.").

### 3. The Administrative Process Available to State Inmates

So then, no analysis of exhaustion may be made absent an understanding of the administrative process available to state inmates. "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." Jones v. Bock, 549 U.S. at 218. See also Spruill, 372 F.3d at 231 (having concluded that the PLRA includes a procedural default component, the Court then indicated that "prison grievance procedures supply the yardstick for measuring procedural default.").

The DC-ADM 804 grievance system, available to state prisoners, consists of three separate stages. First, the prisoner is required to timely submit a written grievance for review by the facility manager or the regional grievance coordinator within fifteen days of the incident, who responds in writing within ten business days. Second, the inmate must timely submit a written appeal to intermediate review within ten working days, and again the inmate receives a written response within ten working days. Finally, the inmate must submit a timely appeal to the Central Office Review Committee within fifteen working days, and the inmate will receive a final determination in writing within thirty days. See Booth v. Churner, 206 F.3d 289, 293 n.2 (3d Cir. 1997), aff'd. 532 U.S. 731 (2001).

### 3.     Analysis of Exhaustion

In his Second Amended Complaint, Plaintiff acknowledges that he has not exhausted his administrative remedies. Plaintiff explains that he filed a DC-135 Request Slip complaining of "seizure without cause detention beyond termination of sentence 5-4-97." ECF No. 6, page 4. Plaintiff indicates that the request slip was "denied and [he was] told to file in the courts." Id. [5]

The DC-135A request slip is an informal attempt at resolution of an inmate's concern prior to the filing of an initial grievance. By Plaintiff's own admission, he has not exhausted his administrative remedies as to the claims made in this case. Accordingly, this case should be dismissed.[6]

The amendments of the Proposed Third Amended Complaint[7] [ECF No. 22] do not overcome the exhaustion deficiencies of the Second Amended Complaint, and so any further attempt to amend the complaint should be denied as futile. See Federal Rules of Civil Procedure 15(a)(2) (stating that "the court should freely give leave when justice so requires."); Foman v.

---

[5] Plaintiff explains his next step: "filed in Pennsylvania Supreme Court pursuant to Pa.R.App.P. Rules 1507, 42 Pa. 5105, Pa.Const. Sect 9 of Art V exhausting state remedy pursuant to 28 U.S.C. § 2254A with exception to AEDPA upon miscarriage of justice." Id. Plaintiff clearly misunderstands the differences between the exhaustion doctrine of habeas corpus and the exhaustion requirement of the PLRA. See supra, footnote 2.

[6] Plaintiff has not made any allegation to factually support the personal involvement and/or acquiescence of Defendants Gill and Harlow in the alleged unconstitutional behavior. Liability in a civil rights action can only be imposed if that official played an "affirmative part" in the complained-of misconduct. Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Although a supervisor cannot encourage constitutional violations, a supervisor has "no affirmative constitutional duty to train, supervise or discipline so as to prevent such conduct." Id. quoting Brown v. Grabowski, 922 F.2d 1097, 1120 (3d Cir. 1990), cert. denied, 501 U.S. 1218 (1991). The supervisor must be personally involved in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1958, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence." Evancho, 423 F.3d at 353, quoting Rode, 845 F.2d at 1207). Section 1983 liability cannot be predicated solely on *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976); see also Monell, 436 U.S. 658 (superiors of line officers who act in violation of constitutional rights may not be held liable on a theory of vicarious liability merely because the superior had a right to control the line officer's action).

[7] Plaintiff continues to seek habeas corpus type relief which is not available in this civil rights action and does not factually support the personal involvement of Gill and Harlow.

8

Davis, 371 U.S. 178, 182 (1962) ("In the absence of any apparent or declared reason--such as […] futility of amendment ….-- the leave sought should, as the rules require, be freely given.").

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion to dismiss filed by Defendants [ECF No. 17] be granted. The Clerk of Courts should be directed to close this case.

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. See Fed.R.Civ.P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. See Brightwell v. Lehman, 637 F.3d 187, 194 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: March 26, 2013